1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **SOUTHERN DISTRICT OF CALIFORNIA**

9

10 GEORGE GEHRON,                                              CASE NO. 11cv2353 WQH BLM

11                                     Plaintiff,             ORDER

          vs.
12 ASSURED LENDER SERVICES; BEST
   REWARD CREDIT UNION; FIRST
13 FRANKLIN FINANCIAL
   CORPORATION; FRANKLIN
14 MORTGAGE CAPITOL
   CORPORATION; MERRILL LYNCH &
15 Co.; SELECT PORTFOLIO
   SERVICING, INC.' CUMANENT;
16 VANTAGE FEDERAL CREDIT
   UNION; VANTAGE FINANCIAL
17 CREDIT UNION; BEST EMPLOYEES
   FEDERAL CREDIT UNION; REWARD
18 ONE CREDIT UNION; FAIRBANKS
   CAPITAL CORPORATION; FIRST
19 AMERICAN TITLE INSURANCE
   COMPANY; EQUICREDIT
20 CORPORATION OF AMERICA;
   ORION FINANCIAL GROUP, INC.;
21 MERSCORP, INC., (Mortgage Electronic
   Registration Systems - MERS); BANK
22 OF AMERICA; CITIFINANCIAL
   MORTGAGE,
23
                                     Defendants.
24
   HAYES, Judge:
25
          The matter before the Court is the Motion for Temporary Restraining Order filed by
26
   Plaintiff George Gehron.  (ECF No. 4).
27
          On October 12, 2011, Plaintiff George Gehron, proceeding pro se, initiated this action
28
   by filing an unverified Complaint in this Court.  (ECF No. 1).  On October 12, 2011, Plaintiff

1    also filed the Motion to Proceed in forma Pauperis ("IFP").  (ECF No. 2).  On October 21,

2    2011, the Court denied Plaintiff's motion to proceed IFP without prejudice.  (ECF No. 3).

3         On October 25, 2011, Plaintiff filed the Motion for Temporary Restraining Order. (ECF

4    No. 4).  Plaintiff seeks an order "to stop a foreclosure sale that is scheduled for October 26,

5    2011 ... along with An Order To Show Cause Regarding a Preliminary Injunction Until Said

6    Case is Settled in its entirety." *Id*. at 2.  Plaintiff contends that he will suffer irreparable harm

7    "should the foreclosure sale not be stopped immediately."  *Id*.  "As Plaintiff has sufficient

8    personal knowledge regarding the case, the facts surrounding this case dramatically increases

9    (sic) his likelihood of prevailing in said case."  *Id*.  Plaintiff has attached a "Certificate of

10   Service" stating that he has served the Defendants via United States Mail or by facsimile.  *Id*.

11   at 4.

12        Rule 65 provides:

13        The court may issue a preliminary injunction only on notice to the adverse party.
          ...
14
          The court may issue a temporary restraining order without written or oral notice
15        to the adverse party or its attorney only if:

16            (A) specific facts in an affidavit or a verified complaint clearly
              show that immediate and irreparable injury, loss, or damage will
17            result to the movant before the adverse party can be heard in
              opposition; and
18
              (B) the movant's attorney certifies in writing any efforts made to
19            give notice and the reasons why it should not be required.

20   Fed. R. Civ. P. 65(a)(1) & (b)(1).

21        When the nonmovant has received notice, the standard for issuing a temporary

22   restraining order is the same as that for issuing a preliminary injunction. *See Brown Jordan*

23   *Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed*

24   *Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

25   Without considering whether this notice was adequate, the Court finds that the Motion for a

26   Temporary Restraining Order fails to comply with the requirements of Rule 65.

27        The party seeking relief must show either "(1) a combination of likelihood of success

28   on the merits and the possibility of irreparable harm, or (2) that serious questions going to the

- 2 -                                    11cv2353 WQH BLM

1  merits are raised and the balance of hardships tips sharply in favor of the moving party."

2  *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil No.

3  06CV152 JAH (WMc), 2006 WL 5003362 at *2 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant*

4  *Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir.

5  2002)); see also *Winter v. NRDC*, 555 U.S. 7, 20 (2008).  "[T]hese two formulations represent

6  two points on a sliding scale in which the required degree of irreparable harm increases as the

7  probability of success decreases."  *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*,

8  448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).  "[A] preliminary injunction is an

9  extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

10  showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)

11  (emphasis in original) (quotation omitted).

12      As the moving party, Plaintiff has the burden to establish a likelihood of success on the

13  merits and the possibility of irreparable harm, or that serious questions going to the merits are

14  raised and the balance of hardships tips sharply in favor of Plaintiff.  *Immigrant Assistance*

15  *Project of the L.A. County of Fed'n of Labor*, 306 F.3d at 873.  The Motion for a Temporary

16  Restraining Order does not contain "specific facts in an affidavit or a verified complaint [that]

17  clearly show that immediate and irreparable injury, loss, or damage will result to the movant"

18  as required by Rule 65 of the Federal Rules of Civil Procedure.  After reviewing the equities

19  in this case, the Court concludes that Plaintiff has not met his burden of establishing a

20  combination of likelihood of success on the merits and the possibility of irreparable harm, or

21  that serious questions going to the merits are raised and the balance of hardships tips sharply

22  in favor Plaintiff.  The Court has reviewed the entire record and concludes that Plaintiff has

23  failed to demonstrate that he is entitled to a temporary restraining order.

24      IT IS HEREBY ORDERED that the Motion for a Temporary Restraining Order (ECF

25  No. 4) is DENIED.

26  DATED:  October 26, 2011

27                                      **WILLIAM Q. HAYES**

28                                      United States District Judge