**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE GEHRON,<br><br>       Plaintiff,<br>vs.<br>ASSURED LENDER SERVICES; BEST REWARD CREDIT UNION; FIRST FRANKLIN FINANCIAL CORPORATION; FRANKLIN MORTGAGE CAPITOL CORPORATION; MERRILL LYNCH & Co.; SELECT PORTFOLIO SERVICING, INC.' CUMANENT; VANTAGE FEDERAL CREDIT UNION; VANTAGE FINANCIAL CREDIT UNION; BEST EMPLOYEES FEDERAL CREDIT UNION; REWARD ONE CREDIT UNION; FAIRBANKS CAPITAL CORPORATION; FIRST AMERICAN TITLE INSURANCE COMPANY; EQUICREDIT CORPORATION OF AMERICA; ORION FINANCIAL GROUP, INC.; MERSCORP, INC., (Mortgage Electronic Registration Systems - MERS); BANK OF AMERICA; CITIFINANCIAL MORTGAGE,<br><br>       Defendants. | CASE NO. 11cv2353 WQH BLM<br><br>ORDER |

HAYES, Judge:

  The matter before the Court is the Motion for Temporary Restraining Order filed by Plaintiff George Gehron. (ECF No. 4).

  On October 12, 2011, Plaintiff George Gehron, proceeding pro se, initiated this action by filing an unverified Complaint in this Court. (ECF No. 1). On October 12, 2011, Plaintiff

also filed the Motion to Proceed in forma Pauperis ("IFP"). (ECF No. 2). On October 21, 2011, the Court denied Plaintiff's motion to proceed IFP without prejudice. (ECF No. 3).

On October 25, 2011, Plaintiff filed the Motion for Temporary Restraining Order. (ECF No. 4). Plaintiff seeks an order "to stop a foreclosure sale that is scheduled for October 26, 2011 ... along with An Order To Show Cause Regarding a Preliminary Injunction Until Said Case is Settled in its entirety." *Id*. at 2. Plaintiff contends that he will suffer irreparable harm "should the foreclosure sale not be stopped immediately." *Id*. "As Plaintiff has sufficient personal knowledge regarding the case, the facts surrounding this case dramatically increases (sic) his likelihood of prevailing in said case." *Id*. Plaintiff has attached a "Certificate of Service" stating that he has served the Defendants via United States Mail or by facsimile. *Id*. at 4.

Rule 65 provides:

> The court may issue a preliminary injunction only on notice to the adverse party.
> ...
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(a)(1) & (b)(1).

When the nonmovant has received notice, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc*., 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Without considering whether this notice was adequate, the Court finds that the Motion for a Temporary Restraining Order fails to comply with the requirements of Rule 65.

The party seeking relief must show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the

1  merits are raised and the balance of hardships tips sharply in favor of the moving party."
2  *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil No.
3  06CV152 JAH (WMc), 2006 WL 5003362 at *2 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant*
4  *Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir.
5  2002)); see also *Winter v. NRDC*, 555 U.S. 7, 20 (2008).  "[T]hese two formulations represent
6  two points on a sliding scale in which the required degree of irreparable harm increases as the
7  probability of success decreases."  *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*,
8  448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).  "[A] preliminary injunction is an
9  extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear
10 showing, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)
11 (emphasis in original) (quotation omitted).

12      As the moving party, Plaintiff has the burden to establish a likelihood of success on the
13 merits and the possibility of irreparable harm, or that serious questions going to the merits are
14 raised and the balance of hardships tips sharply in favor of Plaintiff.  *Immigrant Assistance*
15 *Project of the L.A. County of Fed'n of Labor*, 306 F.3d at 873.  The Motion for a Temporary
16 Restraining Order does not contain "specific facts in an affidavit or a verified complaint [that]
17 clearly show that immediate and irreparable injury, loss, or damage will result to the movant"
18 as required by Rule 65 of the Federal Rules of Civil Procedure.  After reviewing the equities
19 in this case, the Court concludes that Plaintiff has not met his burden of establishing a
20 combination of likelihood of success on the merits and the possibility of irreparable harm, or
21 that serious questions going to the merits are raised and the balance of hardships tips sharply
22 in favor Plaintiff.  The Court has reviewed the entire record and concludes that Plaintiff has
23 failed to demonstrate that he is entitled to a temporary restraining order.

24      IT IS HEREBY ORDERED that the Motion for a Temporary Restraining Order (ECF
25 No. 4) is DENIED.

26 DATED:  October 26, 2011

27                                  *William Q. Hayes*
                                    **WILLIAM Q. HAYES**
28                                  United States District Judge