UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GEORGE GEHRON, | CASE NO. 11cv2353 WQH BLM |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| ASSURED LENDER SERVICES; BEST REWARD CREDIT UNION; FIRST FRANKLIN FINANCIAL CORPORATION; FRANKLIN MORTGAGE CAPITOL CORPORATION; MERRILL LYNCH & Co.; SELECT PORTFOLIO SERVICING, INC.' CUMANENT; VANTAGE FEDERAL CREDIT UNION; VANTAGE FINANCIAL CREDIT UNION; BEST EMPLOYEES FEDERAL CREDIT UNION; REWARD ONE CREDIT UNION; FAIRBANKS CAPITAL CORPORATION; FIRST AMERICAN TITLE INSURANCE COMPANY; EQUICREDIT CORPORATION OF AMERICA; ORION FINANCIAL GROUP, INC.; MERSCORP, INC., (Mortgage Electronic Registration Systems - MERS); BANK OF AMERICA; CITIFINANCIAL MORTGAGE, | |
| Defendants. | |

HAYES, Judge:

    The matter before the Court is the Amended Motion for Leave to Proceed in Forma Pauperis ("Motion to Proceed IFP") (ECF No. 5).

    On October 12, 2011, Plaintiff George Gehron, proceeding pro se, initiated this action

1 by filing a Complaint in this Court. (ECF No. 1). On October 12, 2011, Plaintiff also filed the
2 Motion to Proceed IFP which was denied. (ECF Nos. 2, 3). On October 25, 2011, Plaintiff
3 filed an Amended Motion to Proceed IFP. (ECF No. 5).

4 On October 27, 2011, Plaintiff filed a Declaration in support of Plaintiff's New
5 Complaint. (ECF No. 8). On November 10, 2011, Plaintiff filed an Ex Parte Notice of
6 Peremptory Challenge of Judge William Q. Hayes & Declaration of Bias Under California
7 Code of Civil Procedure section 170.6.[1] (ECF No. 9).

## I. Motion to Proceed IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his accompanying affidavit, Plaintiff states that he is not employed, but he currently receives $1,500.00 per month from "business." (ECF No. 5 at 2). Plaintiff states that he has a checking account with a balance of $125.70 and $5,000.00 in a retirement account. In addition, Plaintiff owns a 1999 Ford Expedition automobile. Plaintiff also owns his "main home & 2 rental homes" but asserts that the loans are "upside down." *Id*. at 3. Plaintiff supports himself, his wife, and his three children and asserts that payments of "utilities and food alone per month use the entire $1,500 business income." *Id.* Plaintiff states that he has $31,000 in credit card debt in addition to the "upside down" loans. *Id*.

The Court has reviewed Plaintiff's affidavit and finds that it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. The Court

---

[1] California Code of Civil Procedure section 170.6 provides that a California state court judge may be recused where the judge "is prejudiced against any party or attorney or the interest of any party or attorney appearing in the action or proceeding." Cal. Civ. P. § 170.6. California Code of Civil Procedure section 170.6 does not apply in federal court. *See Carter v. Dawson*, No. 1:07-cv-01325-OWW-SKO PC, 2010 WL 4603335 at 2 (E.D. Cal. Nov. 1, 2010). Accordingly, Plaintiff's Ex Parte Notice of Peremptory Challenge is DENIED.

grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**II.     Initial Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

After granting IFP status, the Court must dismiss the case if the case "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). The standard used to evaluate whether a Complaint state a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."    Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim to relief, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**A.     Allegations of the Complaint**

This case involves property located at 717 Old Stage Road, Fallbrook, CA 92028. On October 27, 1999, Plaintiff George Gehron and Cheryl Gehron signed a promissory note in the

1 amount of $129,600 payable to First Franklin Financial Corporation which was secured by a
2 deed of trust. On October 27, 1999, Plaintiff signed a balloon rider payable to First Franklin
3 Financial Corporation which was secured by a deed of trust. On October 17, 2003, Plaintiff
4 and Cheryl Gehron signed a promissory note in the amount of $200,000 payable to Vantage
5 which was secured by a deed of trust. On October 29, 2003, the deed was recorded and it listed
6 First American Title as the trustee. On May 27, 2004, a deed of trust was recorded in the
7 amount of $130,000 payable to Vantage and listing Vantage as the trustee; however, "Cheryl
8 Gehron [had] reluctantly and unwillingly signed hers and her husband's names...." (ECF No.
9 1 at 41). Plaintiff was not provided with a copy of the deed of trust.

10 Plaintiff resided in the home for seven years. *Id*. at 21. Plaintiff received a notice of
11 default dated September 27, 2010 which contained "false information regarding an 'Advance
12 By The Beneficiary In Payment of Vantage'" one month before a substitution of trustee was
13 filed. *Id.* at 24. On March 21, 2011, a notice of trustee's sale was executed by an agent of
14 Assured Lender Services, Inc. as trustee for Best Reward Credit Union. The foreclosure "is
15 related to an alleged Home Equity Line of Credit Loan which was not even signed by Plaintiff,
16 even though it was notarized as such." *Id.* "[W]ithout a validly signed Deed, there is no
17 agreement regarding the same and therefore Vantage, who no longer exists and/or their
18 affiliates, representatives, assignees, etc. cannot have a valid claim against Plaintiff's property
19 whatsoever." *Id*. at 25.

20 "At the time of loan origination and up until recently, Plaintiff was not savvy to the
21 actualities of the products that were sold to him; products disguised and represented as
22 mortgages." *Id*. at 42. Although the product was presented to Plaintiff as a mortgage loan "it
23 [is] actually an unregulated security ...." *Id*. First Franklin Financial Corporation, EquiCredit
24 Corporation of America, Fairbanks Capital Corporation, Vantage and Cumanent "are engaged
25 in a vertical enterprise (A Syndicate), intentionally obfuscated and concealed ... [however,
26 t]hey are not loan services, they are investors." *Id*. at 43. The investors use an electronic
27 record which "provides the possibility that someone ... has the opportunity to claim ownership
28 to that which they are not legally entitled at the expense and sovereignty of Plaintiff and his

family." *Id*. at 44.  In this case, "[t]he alleged substitute trustee, Defendant Assured Lender Services, Inc. acted without any substitution or assignments, however, nonetheless initiated a non-judicial foreclosure ...." *Id*.  The true holder of the notes, and the true amount still owed cannot be identified because the "loans [have been] sold, re-sold, transferred, securitized, pooled in investment tranches, or otherwise assigned in the mortgage derivatives financial markets." *Id*. at 47.

Plaintiff has asserted claims against the following Defendants: (1) Assured Lender Services; (2) Best Reward Credit Union; (3) Bank of America; (4) First Franklin Financial Corporation; (5) Franklin Mortgage Capital Corporation; (6) Merrill Lynch & Co.; (7) Select Portfolio Servicing, Inc.; (8) Cumanet; (9) Vantage Federal Credit Union; (10) Vantage Financial Credit Union; (11) Best Employees Federal Credit Union; (12) Reward One Credit Union; (13) Fairbanks Capital Corporation; (14) First American Title Insurance Company; (15) Citifinancial Mortgage, Inc.; (16) Equicredit Corporation of America; (17) Orion Financial Group, Inc.; and (18) MersCorp, Inc. (Mortgage Electric Registration Systems - MERS).

Plaintiff has asserted the following claims: (1) civil aiding and abetting against all Defendants; (2) conspiracy civil aiding and abetting against all Defendants; (3) unjust enrichment against all Defendants; (4) civil violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against all Defendants; (5) civil RICO conspiracy against all Defendants; (6) civil RICO extortion against all Defendants; (7) breach of contract against Vantage Federal Credit Union; (8) breach of fiduciary duty against First Franklin Financial Corporation and Vantage Federal Credit Union; (9) negligent misrepresentation against all Defendants; (10) Truth in Lending Act ("TILA") infringement against all Defendants; (11) violation of the Fair Credit Reporting Act ("FCRA") against Select Portfolio Servicing, Inc., Citifinancial Mortgage, Inc., Cumanet, Reward One Credit Union, and Best Reward Credit Union; (12) unfair competition against all financial institution Defendants; (13) common law fraud, concealment against all Defendants; (14) constructive fraud against all defendants; (15) intentional misrepresentation and conspiracy against all Defendants; and (16) quiet title against all Defendants.

Plaintiff seeks a permanent restraining order and injunction; an award of compensatory damages in the amount of $3,500,000; an award of punitive damages in the amount of $999,000,000; an award of lost income in the amount of $950,000; and an award of attorney's fees and costs.

### B. Claims Four, Five, and Six for violation of RICO

Plaintiff has asserted a claims for violation of RICO against all Defendants. Plaintiff alleges that: "Defendants and the other Conspirators engaged in 'racketeering activity' within the meaning of 18 U.S.C. § 1961(1) by engaging in acts set forth above. The acts set forth above constitute a violation of one or more of the following statutes: 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); section 1344 (relating to financial institution fraud); section 1951 (relating to interference with commerce, robbery, or extortion); section1956 (relating to the laundering of monetary instruments); section 1957 (relating to engaging in the monetary transactions in property derived from specified unlawful activity); Defendants and each conspirators each committed and/or aided and abetted the commission of two or more of these racketeering activit[ies]." (ECF No. 1 at 58).

To state a RICO claim, the plaintiff must state sufficient facts to show that a person participated in the affairs of an "enterprise" through a pattern of "racketeering activity." 18 U.S.C. § 1962(c); *United States v. Turkette,* 452 U.S. 576, 583 (1981). "The Ninth Circuit has held that allegations of predicate acts under RICO must comply with Rule 9(b)'s specificity requirements." *U.S. Concord, Inc. v. Harris Graphics Corp.,* 757 F. Supp. 1053, 1061 (N.D. Cal. 1991) (citing *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1400-01) (9th Cir. 1986). A RICO plaintiff must allege the time, place and manner of each act of fraud, and the role of each defendant in the fraud. *Lancaster Community Hospital v. Antelope Valley Hospital Dist.,* 940 F.2d 397, 405 (9th Cir. 1991).

In this case, Plaintiff has failed to allege facts with any specificity regarding the existence of a RICO enterprise, or the conduct of a pattern of racketeering. Plaintiff's conclusory allegations that Defendants "engaged in 'racketeering activity'" which violated several statutes is insufficient to state a claim for violation of RICO. The Court concludes that

the Complaint fails to state a claim under RICO.

### C.    Claim Ten for violation of TILA

Plaintiff has asserted a claim for violation of TILA against all Defendants and seeks damages. Damages claims under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986). "[E]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (citation omitted). A litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

The Complaint alleges that Plaintiffs obtained loans on October 27, 1999, October 17, 2003, and May 27, 2004. Plaintiffs did not file this lawsuit until October 12, 2011, more than six years after the latest transaction was consummated. Accordingly, Plaintiffs' TILA claim for damages is barred by the one-year statute of limitations. Plaintiff has failed to assert any fact which would support equitable tolling.  The Court concludes that the Complaint fails to state a claim under TILA for damages.

### D.    Claim Eleven for violation of the FCRA

Plaintiff has asserted a claim for violation of the Fair Credit Reporting Act against Select Portfolio Servicing, Inc., Citifinancial Mortgage, Inc., Cumanet, Reward One Credit Union, and Best Reward Credit Union. Plaintiff alleges: "Defendants' actions of repeatedly and improperly reporting misinformation against Plaintiff's credit report has irreparably damaged Plaintiff ...." (ECF No. 1 at 65).

Plaintiff's allegations do not cite any provision of the FCRA which Defendants have allegedly violated. Plaintiff has also failed to identify the conduct by any Defendant which allegedly violates the FCRA. Even under the liberal pleading standard afforded to pro se plaintiffs, the Complaint fails to allege sufficient facts to state a claim for violation of the FCRA. *See Balistreri,* 901 F.2d at 699. The Court concludes that the Complaint fails to state

a claim for violation of the FCRA.

### E. Supplemental Jurisdiction

The Complaint alleges that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. The Complaint asserts that supplemental jurisdiction exists over all state law claims pursuant to 28 U.S.C. § 1367.

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

>  (1) the claim raises a novel or complex issue of State law,
> 
>  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> 
>  (3) the district court has dismissed all claims over which it has original jurisdiction, or
> 
>  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). In this case, the Court has found that Plaintiff has failed to state a claim pursuant to any federal law. Accordingly, the Court will not exercise supplemental jurisdiction over the state claims for civil aiding and abetting; conspiracy civil aiding and abetting, unjust enrichment; breach of contract; breach of fiduciary duty; negligent misrepresentation; unfair competition; common law fraud; constructive fraud; intentional misrepresentation; and quiet title. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").

### III. Conclusion

IT IS HEREBY ORDERED that the Amended Motion for Leave to Proceed in Forma

//

//

Pauperis (ECF No. 5) is GRANTED. The Complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED: November 17, 2011

*William Q. Hayes* (signature)
**WILLIAM Q. HAYES**
United States District Judge